FILED

06/20/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0737

DA 16-0737

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 153N

TERESA CLARE WOEHLER,

      Petitioner and Appellee,

  v.

PAUL EMLYN MESSER,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DR 14-129 (D)
                     Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Paul Messer, Self-Represented, Montreal, Quebec, Canada

      For Appellee:

           Teresa Woehler, Self-Represented, West Glacier, Montana

Submitted on Briefs:  May 10, 2017

Decided:  June 20, 2017

Filed:

                                                   Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 After a four-day trial, the Eleventh Judicial District Court, Flathead County, entered Findings of Fact, Conclusions of Law and Order on Parenting Plan, Child Support and Contempt. Appellant Paul Messer appeals. We affirm.

¶3 In 2009, Paul and Teresa Woehler (Teresa) dissolved their marriage in the Cardiff Court, Wales, United Kingdom (U.K.). Paul agreed to pay £450 per month in child support for their two children. In April 2012, Paul relocated to Quebec, Canada, and stopped paying child support. In August 2012, the Cardiff Court issued a "Provisional Order" requiring Paul to pay £500 per month in child support. Paul was served with the Provisional Order, but chose to ignore it. He did not challenge the Order in the Cardiff Court. Teresa attempted to register the Order in a Quebec Court, but it was rejected because Quebec lacks a reciprocal agreement with the U.K.

¶4 In September 2013, the Cardiff Court issued a "Contact Order" granting Teresa leave to relocate to Montana with the children, and setting terms for a visitation schedule for Paul. The Order reflected Paul's consent to Montana's jurisdiction, stating: "Father consents to Montana having jurisdiction as the father of the children and relating to any and all issues concerning the children."

2

¶5   In February 2014, after relocating to West Glacier, Montana, with her children, Teresa filed with the Flathead County Clerk of District Court a "Verified Petition to Register Foreign Order Regarding Custody Determination" accompanied by an original copy of the Cardiff Court's Contact Order. Paul did not object or raise any defense to the registration of the Contact Order.

¶6   In December 2014, Teresa filed the Verified Petition in the Flathead County District Court, along with a "Motion for Contempt, for Attorney's Fees and Costs, for Amendment of Parenting Plan, for Mediation and for Order to Show Cause and Brief in Support." At the same time, Teresa also filed a copy of the Cardiff Court's Provisional Order. Teresa did not strictly comply with the procedural requirements to register a support order because she did not file a certified copy of the Order. Paul did not object to the manner in which the Provisional Order was filed after being served with a copy of the registration of the Order.

¶7   On December 22, 2014, Paul voluntarily appeared before the Flathead County District Court via a Petition for Contempt in which he requested that Teresa be held in contempt for her alleged failure to follow the Cardiff Court's Contact Order. Paul filed his Answer to Teresa's Petition on January 8, 2015.

¶8   Paul argues the District Court erred by recognizing the Provisional Order as a final order because the District Court never registered or modified the Provisional Order. Paul also argues the District Court erred in its calculation of child support by using incorrect exchange rates and by including Teresa's claimed anticipated medical costs and child care costs. Finally, Paul argues the District Court erred in awarding Teresa fifty percent of her

3

legal fees, because it did not consider the errors Teresa caused in filing unfounded motions for contempt and incorrectly filing the Provisional Order.

¶9 We review a district court's findings of fact in parenting plans and child support orders to determine whether they are clearly erroneous. *Healy v. Healy*, 2016 MT 154, ¶ 18, 384 Mont. 31, 376 P.3d 99. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *Healy*, ¶ 18. We review a district court's conclusions of law to determine if they are correct. *Healy*, ¶ 18. Where legal authority exists to award attorney fees, we review a district court's decision to grant or deny the fees for an abuse of discretion. *Wohl v. City of Missoula*, 2013 MT 46, ¶ 29, 369 Mont. 108, 300 P.3d 1119.

¶10 Paul's briefs before this Court are essentially a series of conclusory statements that take issue with the District Court's factual findings and legal conclusions. He makes scant reference to any legal authority in support of his argument other than citations to case law regarding the standard of review and for the proposition that, as a self-represented litigant, he is entitled to extra latitude. While we afford pro se litigants a certain degree of latitude in presenting their cases, we also have repeatedly held that it is not our responsibility to conduct legal research on behalf of a party or to develop legal analysis that might support a party's position. *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7. Nevertheless, we have reviewed the record and the District Court's extensive findings of fact and conclusions of law in this matter, and find no reversible error.

4

¶11 We have repeatedly held a district court sits in the best position to judge the credibility of testimony and proffered evidence, and this Court defers to the district court's resolution of conflicting evidence. *In re Marriage of Frick*, 2011 MT 41, ¶ 23, 359 Mont. 296, 249 P.3d 67. The District Court's child support calculations and its award of delinquent child support due under the Provisional Order are not clearly erroneous. The District Court concluded that Paul should pay one-half of Teresa's reasonable attorney fees and costs in bringing this action and defending against Paul's multiple needless motions, in light of Paul's "unjustified failure to pay child support and his unjustified and unsupported views on visitation . . . ." The District Court did not abuse its discretion in its award of attorney fees.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, its findings of fact are not clearly erroneous, and its ruling was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER